IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN I. TOMINACK and
DENA L. TOMINACK,

        Plaintiffs

v.                                        Civil No.5:13-cv-121

WILLIAM CAPOUILLEZ and
GEOLOGICAL ASSESSMENT AND
LEASING,

        Defendants.

## ORDER CONFIRMING PRONOUNCED ORDER OF THE COURT GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL

### I. INTRODUCTION

This action involves claims against Defendants for the unauthorized practice of law. Plaintiffs allege that they entered into an agreement with Defendants in February of 2007 wherein Defendants were to act as Plaintiffs' representatives in the negotiation and execution of an oil and gas lease of their mineral rights. Plaintiffs initially filed this action on July 30, 2013, in the Circuit Court of Ohio County, West Virginia. On August 29, 2013, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants filed a Motion to Compel Arbitration[1] and a Motion to Stay Discovery Pending a Ruling on the Motion to Compel Arbitration[2] on November 22, 2013. These motions are still pending.

The instant matter is before the Court on Plaintiffs' Motion to Compel Complete Discovery

---

[1] Dkt. No. 19.

[2] Dkt. No. 21.

1

Responses filed on December 2, 2013.[3] Defendants filed a Response to Plaintiffs' Motion on December 13, 2013.[4] On December 17, 2013, this Court held an evidentiary hearing and argument. Plaintiffs appeared by Daniel J. Guida, Esq., and Jonathan E. Turak, Esq. Defendant appeared by Robert C. James, Esq. Plaintiffs offered five exhibits into evidence. No testimony was presented at the hearing.

## II. DISCUSSION

Plaintiffs seek further responses to Requests for Production 1, 4, 7, 9, 12, 14, and 15, and Interrogatories 3, 4, 5, and 6. Procedurally, Defendants contend that Plaintiffs' discovery motion is premature in light of Defendants' pending Motion to Compel Arbitration and pending Motion to Stay Discovery. Substantively, Defendants object that Plaintiffs' discovery requests are vague and ambiguous, overly broad, irrelevant, and seek confidential information.

### A. *Procedural Arguments*

Defendants contend that "Plaintiffs' Motion to Compel should not be addressed at this time as a default stay exists in the Court pursuant to the Defendants' Motion to Stay Pending Ruling on Motion to Stay and to Compel Arbitration." Defendants cite no authority, and indeed there is none, for the proposition that the undersigned can hold discovery in abeyance in the absence of an Order by the District Judge staying this case. Unless and until such a stay of proceedings is ordered in this case, Plaintiffs' Motion to Compel is ripe for decision. Accordingly, Defendants' procedural objections are overruled.

### B. *Scope of Discovery*

---

[3] Dkt. 23.

[4] Dkt. 29.

In general, parties in a civil action enjoy broad discovery, and "the discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.*, 967 F.2d 980, 983 (4th Cir.1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Unless limited by court order, the scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1) which states "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). In the discovery context, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."*Id*. However, [e]ven assuming that...information is relevant (in the broadest sense), the simple fact that requested information is discoverable...does not mean that discovery must be had." *Nicholas v. Wyndham Intern., Inc.*, 373 F.3d 537, 543 (4th Cir. 2004).

If a party believes that a discovery request exceeds this broad scope of allowable discovery, it may object, but "the party resisting discovery has the burden of clarifying, explaining and supporting its objections." *Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins.Co.*, No. 05-CV-41, 2006 U.S. Dist. LEXIS 68744**,** at *1, *17 (N.D.W.Va. Sept. 21, 2006). "The mere recitation of the familiar litany that an interrogatory or document production request is overly broad, burdensome, oppressive and irrelevant will not suffice." *PLX, Inc. v. Prosystems, Inc.*, 220 F.R.D. 291, 293 (N.D.W.Va. 2004). These boilerplate objections to discovery requests are highly disfavored in the Fourth Circuit. *See e.g.*, *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D.W.Va. 2010) ("[G]eneral objections to discovery, without more, do not satisfy the burden of the responding party . . . because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *Mills v. East Gulf Coast Preparation Co., LLC*, 259 F.R.D. 118, 132 (S.D.W.V. 2009) ("[B]oilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); *Mancia*

3

*v. Mayflower Textile Svcs. Co.*, 253 F.R.D. 354 (D. Md. 2008) (courts disapprove of a general objection asserted "to the extent" that it applies).

Here, many of Defendants' objections are impermissible boilerplate objections. Defendants object that nine of the eleven requests are unduly vague and ambiguous, particularly with reference to the words "consultant" or "representative." The terms "consultant" and "representative" are neither vague nor ambiguous, and Defendants should use common-sense, as well as the definitions Plaintiffs helpfully provided in their discovery requests, in responding to requests using those terms. *See Deakins v. Pack*, 2012 WL 242859, at *12 (S.D.W.V. Jan. 25, 2012) (quoting *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D.Kan.2000)) ("A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories....If necessary to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue.'"). All of Defendants objections' on this basis are overruled.

Defendants also object to several of the requests because they seek confidential and sensitive information. This objection also lacks merit. *See Susko v. City of Weirton*, 2011 WL 98557 at *5 (N.D.W.V. January 12, 2011) ("Although information is not shielded from discovery on the sole basis that the information is confidential, a party may request the court to enter a protective order pursuant to Fed.R.Civ.P. 26(c) as a means to protect such confidential information."). At the hearing, Defendants requested that the Court enter a protective order. Accordingly, the Court **ORDERED** the parties to jointly submit a proposed protective order to the Court by December 24, 2013. The Court further **DIRECTED** that if the parties cannot come to an agreement about the protective order, each party shall submit a proposed protective order and the Court will decide which shall govern discovery in this case.

4

The crux of the discovery dispute centers on relevance and broadness. Many of Plaintiffs' requests seek information about Defendants' previous consulting activities related to oil and gas leases. Defendants contend that these requests are overly broad because they are not properly limited to the relevant time period or to the state of West Virginia, which is where the conduct alleged in the Complaint occurred. Defendants argue that information pertaining to "any state other than West Virginia is clearly not relevant to the issue pending here–i.e. whether the Defendants engaged in the unauthorized practice of law under West Virginia law." Defendants also maintain that because Plaintiffs' lease was entered into in or around 2007, the scope of discovery should be limited to consulting activities occurring in 2007. Plaintiffs, on the other hand, argue that information about all of Defendants' consulting activities, no matter where or when the activities took place, is relevant to their claims because it will allow them to discover the nature and extent of Defendants' consulting operation which may lead to the discovery of admissible evidence related to their specific claims.

Although the scope of discovery is broad, it is not limitless, and the Court has "great flexibility to order only that discovery that is reasonable for a case, and to adjust the timing of discovery and apportion costs and burdens in a way that is fair and reasonable." *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 37-38 (D.Md. 2000); *see also McDougal-Wilson v. Goodyear Tire & Rubber Co* ., 232 F.R.D. 246, 249 (E.D.N.C.2005) (finding Plaintiffs' discovery requests to be overly broad and limiting their scope geographically and temporally to protect Defendant from oppression and undue burden and expense). The Court agrees that the scope of discovery into Defendants' prior consulting activities should be limited to information about Defendants' consulting activities with respect to oil and gas leases entered into for properties located

5

in West Virginia. Plaintiffs acknowledged at the motion hearing that they are not even sure Defendants conducted activities in some of the states for which they are requesting information. Discovery requests must be based on something more than "pure speculation or conjecture." *Tottenham v. World Gaming Corp.*, 2002 WL 1967023 at *2 (S.D.N.Y. June 21, 2002).

However, the Court also finds that Plaintiffs are entitled to discovery into Defendants' consulting activities in West Virginia for the entire time period Defendants were so operating in West Virginia. At the hearing, counsel for Defendants averred that he was not certain of the exact time frame Defendants were conducting consulting activities in West Virginia. Because the Court finds that Plaintiffs are entitled to discovery for the entire time period Defendants were operating in West Virginia, the Court **ORDERED** Defendants to file a pleading with the Court identifying the exact time frame that Defendants were conducting consulting activities related to oil and gas leases in the State of West Virginia. Counsel for Defendants shall file a document stating the exact start date and the exact end date of Defendants' consulting activities in the State of West Virginia by December 24, 2013. All of Plaintiffs' discovery requests will be geographically and temporally limited accordingly unless otherwise specified below.

*C. Plaintiffs' Discovery Requests*

With this framework established, the Court will address each of the discovery requests at issue.

> **Request for Production 1**: A copy of each and every exhibit that was attached to the depositions of William Capouillez on November 15, 2012, and February 15, 2013, in the case of William A. Capouillez t/d/b/a Geological Assessment & Leasings vs. Laurel Hill Game and Forestry Club.

Defendants initially responded that they were attempting to obtain these documents and that

they would supplement their response upon receipt. In their Response brief, Defendants aver that they have secured the requested documents and that they "stand fully prepared to provide the exhibits once the Motion to Compel Arbitration has been addressed, but believe that it is otherwise premature to be providing any additional materials." Because the Court overruled Defendants' procedural objections, Plaintiffs' Motion with respect to Request for Production 1 is **GRANTED AS FRAMED**.

> **Request for Production 4**: A copy of all executed oil and gas leases, including any attachments, amendments, extensions or corrections, that were entered into by mineral rights owners and any gas company wherein you acted as a consultant or representative of said mineral rights owner.

The scope of this request must be limited as discussed above. Accordingly, Plaintiffs' Motion with respect to Request for Production 4 is **GRANTED IN PART and DENIED IN PART**. Defendants shall produce responsive documents relating to oil and gas leases for properties located in the State of West Virginia during the time period Defendants conducted consulting or representation activities in West Virginia.

> **Request for Production 7**: A copy of all executed contracts or agreements, including any attachments, extensions or corrections, for consulting services in the oil and gas business that either or both Defendants used in the State of West Virginia or Commonwealth of Pennsylvania.

The scope of this request must be limited as discussed above. Accordingly, Plaintiffs' Motion with respect to Request for Production 7 is **GRANTED IN PART and DENIED IN PART**. Defendants shall produce responsive documents relating to oil and gas leases for properties located in the State of West Virginia during the time period Defendants conducted consulting or representation activities in West Virginia.

> **Request for Production 9**: A copy of any advertisements, brochures, promotional matters, and/or marketing materials of any kind or nature that you presented to prospective clients or landowners in the State of West Virginia or Commonwealth of Pennsylvania regarding your consulting work in the oil and gas business.

The scope of this request must be limited as discussed above. Accordingly, Plaintiffs' Motion with respect to Request for Production 9 is **GRANTED IN PART and DENIED IN PART**. Defendants shall produce responsive documents relating to prospective clients or landowners in the State of West Virginia during the time period Defendants were conducting consulting or representation activities in West Virginia.

> **Request for Production 12**: A copy of any and all communications of any kind or nature including any memos, e-mails, writings, letters, etc., by and between you and Range relating to the lease.

Unlike many of Plaintiffs' requests, this request seeks information about the lease at issue in this case. Defendants objected that the request is "overly broad, vague and ambiguous" and interpreted it to be referring only to "the time around securing the lease and/or its execution." The Court finds this request is not overly broad because it is limited to communications relating to the lease in question. Accordingly, Plaintiffs' Motion with respect to Request for Production 12 is **GRANTED**. Defendants shall respond to the request again without raising improper objections.

> **Request for Production 14**: A copy of any records, worksheets, spreadsheets, papers, writings, or documents which shows how much money you have received in fees for consulting work in the State of West Virginia.

Plaintiffs' Motion with respect to Request for Production 14 is **GRANTED AS FRAMED**.

> **Request for Production 15**: A copy of any records, worksheets, spreadsheets, papers, writings, or documents which shows how much money you have received in fees for consulting work in the Commonwealth of Pennsylvania.

Plaintiffs' Motion with respect to Request for Production 15 is **DENIED**.

> **Interrogatory 3**: Defendants acted as consultants or representatives to various landowners or mineral rights owners relative to oil and gas leases. Please identify each such time you acted as a consultant or representative, including: (a) the name of each landowner or mineral rights owner; (b) description and location of property (state, county, district, acreage, tax identification number); (c) date and nature of the consulting or representation; and (d) whether there was a written or oral agreement regarding the same.

The scope of this request must be limited as discussed above. Accordingly, Plaintiffs' Motion with respect to Interrogatory 3 is **GRANTED IN PART and DENIED IN PART**. Defendants shall respond to the interrogatory with information relating to oil and gas leases for properties located in the State of West Virginia during the time period Defendants conducted consulting or representation activities in West Virginia.

> **Interrogatory 4**: In the following areas, please set forth the total number of acres of property that you acted as a consultant or representative for landowners or mineral rights owners: (a) the State of West Virginia; (b) Hancock County, West Virginia; (c) Brooke County, West Virginia; (d) Ohio County, West Virginia; (e) Marshall County, West Virginia; (f) the Commonwealth of Pennsylvania; and (g) any other State (for each such State, please identify the State and amount of acreage in each one).

The scope of this request must be limited as discussed above. Accordingly, Plaintiffs' Motion with respect to Interrogatory 4 is **GRANTED IN PART and DENIED IN PART**. Defendants shall answer parts (a)-(e) of this interrogatory.

> **Interrogatory 5**: How much money did you receive from each landowner or mineral rights owner for "consulting" services under any agreement or contract for: (i) bonus rental payments; (ii) delay rental payments; and (iii) royalty payments.

The scope of this request must be limited as discussed above. Accordingly, Plaintiffs' Motion with respect to Interrogatory 5 is **GRANTED IN PART and DENIED IN PART**. Defendants shall

respond to the interrogatory with information relating to oil and gas leases for property in the State of West Virginia during the time period Defendants were conducting consulting or representation activities in West Virginia.

> **Interrogatory 6**: Regarding the preceding interrogatory, please identify each such owner, their address, description and location of property (state, county, district, acreage, tax information number, parcel number), date(s) that you received said amount(s), and fee structure for each payment (i.e., how the payment was calculated).

The scope of this request must be limited as discussed above. Accordingly, Plaintiffs' Motion with respect to Interrogatory 6 is **GRANTED IN PART and DENIED IN PART**. Defendants shall respond to the interrogatory with information relating to oil and gas leases for property in the State of West Virginia during the time period Defendants were conducting consulting or representation activities in West Virginia.

### III.  CONCLUSION

Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART** because information about Defendants' consulting activities related to oil and gas leases in West Virginia is reasonably calculated to lead to the discovery of admissible evidence. However, requests for information about activities outside of West Virginia are overbroad. Defendants are **ORDERED** to respond to Plaintiffs' discovery requests, as directed by this Order, within fourteen (14) days of the date of this Order. Defendants are also **ORDERED** to file a document with the Court stating the exact start date and the exact end date of Defendants' consulting activities in the State of West Virginia by December 24, 2013. Finally, both parties are **DIRECTED** to confer and to submit a proposed protective order to the Court by December 24, 2013. If the parties cannot come to an agreement about the protective order, each party shall submit a proposed protective order to the Court by

December 24, 2013, and the Court shall decide which protective order will govern.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

DATED: December 18, 2013                                     /s/ *James E. Seibert*
                                                            JAMES E. SEIBERT
                                                            UNITED STATES MAGISTRATE JUDGE